IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES JOSEPH WASSIL,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:12CV48**
                                     **(Judge Keeley)**

**SCOTT VILLERS, KIM MAY,**
**and JIM RUBENSTEIN**

    **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 19, 2012, the pro se plaintiff, Charles Joseph Wassil ("Wassil"), filed his complaint as well as a motion for leave to proceed in forma pauperis (dkt. no. 2). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On April 3, 2012, Magistrate Judge Kaull issued an Amended Report and Recommendation ("R&R"),[1] in which he recommended that Wassil's motion for leave to proceed in forma pauperis be denied because the plaintiff had sufficient funds to pay the $350 filing fee (dkt. no. 14). The R&R also specifically warned Wassil that his failure to object to the recommendation within fourteen days would result in the waiver of any appellate rights he might otherwise

---

[1] The sole purpose of the Amended R&R was to correct the plaintiff's name in the first paragraph of Report and Recommendation (dkt. no. 13).

have on this issue. The parties did not file any objections,[2] and Wassil paid the $350 filing fee on April 4, 2012 (dkt. no. 19). Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 14) and **DENIES** Wassil's motion for leave to proceed in forma pauperis (dkt. no 2).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: April 30, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).