IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES JOSEPH WASSIL,**

      **Plaintiff,**

v.                                                                Civil Action No. 1:12cv48
                                                                        (Judge Keeley)

**SCOTT VILLERS, Administrator,**
**KIM MAY, Fiscal Clerk,**
**JIM RUBENSTEIN, Commissioner of Correction in WV,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On March 19, 2012, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants together with a motion for leave to proceed *in forma pauperis*. On March 28, 2012, the plaintiff submitted a signed Prisoner Trust Account Report with ledger sheets, which indicated that he had an account balance of $2,100.27. Accordingly, the undersigned issued a Report and Recommendation that the plaintiff's motion for leave to proceed *in forma pauperis* be denied. The plaintiff did not file objections and, in fact, paid the $350 on April 4, 2012. On April 30, 2012, the Honorable Irene M. Keeley adopted the Report and Recommendation and denied the plaintiff's motion for leave to proceed *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation.

## I. The Complaint

In the complaint, the plaintiff alleges that he was deprived of toilet paper from December 5, 2011 to December 9, 2011, when officers refused to hand out toilet paper. The plaintiff further alleges that defendant May, the fiscal clerk, forgot to order toilet paper for the Tygart Valley Regional Jail, where he was incarcerated. The plaintiff alleges that for three days he had to use

socks, underwear and newspapers in place of toilet paper. In addition, he alleges that staff laughed and told him to use his hand. With respect to defendants Villers and Rubenstein, the plaintiff alleges that they failed to get toilet paper from any other regional jail. As an additional claim the plaintiff alleges that because of overcrowding at the Tygart Valley Regional Jail, he must sleep on the floor and all meals are cold. He also alleges that there is no where to sit and eat meals. Finally, he alleges that price gauging is taking place at the commissary. More specifically, he alleges that inmates at the Norther Regional Jail pay one price for items, while inmates at the Tygart Valley Regional Jail pay another price because of overcrowding. For relief, the plaintiff seeks $10,000 for each day he was deprived of toilet paper and passage of better regulations for better living conditions.

## II. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua*

---

[1] Id.

*sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The West Virginia Regional Jail Authority makes available to inmates housed in its facilities a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office

of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

The plaintiff's complaint clearly establishes that a prisoner grievance procedure is available at the Tygart Valley Regional Jail inasmuch as the plaintiff has attached three grievances dated December 6, 2011, December 7, 2011, and December 10, 2011, all on the WV Regional Jail & Correctional Facility Authority Inmate Request/Grievance form.(Doc. 1-2) However, the plaintiff did not follow the steps required to exhaust his grievance because he did not appeal the Administrator's response, or lack thereof, to the Chief of Operations. Instead, he sent his appeal to defendant Rubenstein, who is the Commissioner of the Division of Corrections and has no authority to intervene in matters related to DOC inmates housed in regional jails. Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate.[2] See Anderson, 407 F.3d at 682. Furthermore, even if the plaintiff had exhausted his

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from

administrative remedy regarding lack of toilet paper[3], he has failed to state a claim upon which relief may be granted.

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

Conditions of confinement for those who have been convicted of crimes are evaluated under the Eighth Amendment. The United States Supreme Court set forth the general framework under which such claims are to be decided in Rhodes v. Chapman, 452 U.S. 337 (1981). "Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." Id. at 347.

Considered under this standard, even in the light most favorable to the plaintiff, his

---

utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Therefore, to the extent that exhaustion may be waived, the plaintiff has not raised squarely any accepted reason to excuse his failure to exhaust.

[3]It is pertinent to note that the plaintiff only raised the issue of lack of toilet paper and did not raise in any three of the grievances his complaints of price gauging and conditions related to overcrowding

allegations regarding lack of toilet paper for three days is not sufficient to give rise to a genuine issue of fact as to whether a claim of a constitutional magnitude has been presented. Clearly, as regrettable and unfortunate as it might have been, the plaintiff having been deprived the use of toilet paper for three days does not, by itself, rise to the level of a constitutional violation. See generally, Gilland v. Owens, 718 F.Supp. 665, 685 (D.G. 1989) ["Short term deprivation of toilet paper ...and the like do not rise to the level of a constitutional violation"]; Schwartz v. Jones, No. 99-3269, 2001 WL 118600 at * 6(E.D.La. Feb. 9, 2001)[Failure to provide plaintiff toilet paper for one to two weeks did not state a claim of constitutional magnitude]; Gilson v. Cox, 711 F.Supp. 354, 355-56 (E.D.M. 1989) [Failure to provide toilet paper upon request did not raise a substantial matter of federal constitutional law]; Citro v. Zeek, 544 F.Supp. 829, 830 (W.D.N.Y 1982) [Failure to provide an inmate with an adequate supply of toilet paper did not present a question of constitutional magnitude]; Williams v. Campbell, No. 07-885, 2008 WL 2816089 at * 7 (E.D. Pa. July 18, 2008) [Temporary deprivation of toilet paper insufficient to establish a constitutional violation].

## IV. RECOMMENDATION

In consideration of the foregoing, it is recommended that plaintiff's complaint, insofar as it relates to his claims regarding toilet paper be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief cannot be granted, and insofar as it relates to claims regarding overcrowding and price gauging be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 8, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE