```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHARLES JOSEPH WASSIL,**

    **Plaintiff,**

v.                    //         CIVIL ACTION NO. 1:12CV48
                                      (Judge Keeley)

**SCOTT VILLERS, Administrator,**
**KIM MAY, Fiscal Clerk,**
**JIM RUBENSTEIN, Commissioner of Corrections in WV,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the civil rights action filed by Charles Joseph Wassil. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (Dkt. No. 28).

**I.**

On March 19, 2012, the plaintiff, Charles Joseph Wassil ("Wassil"), an inmate at Tygart Valley Regional Jail ("TVRJ"), located in Belington, West Virginia, filed a complaint pursuant to 42 U.S.C. § 1983, against TVRJ's administrator, Scott Villers "Villers"), fiscal clerk, Kim May ("May"), and Commissioner of the West Virginia Division of Corrections, Jim Rubenstein ("Rubenstein"). (Dkt. No. 1). Wassil alleges that those defendants

**WASSIL V. VILLERS**                                                   **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

deprived him of toilet paper for a number of days, forced him to live in overcrowded conditions, and overcharged him for commissary items in violation of his Eighth Amendment rights. Id.

On March 19, 2012, Wassil filed a Motion for Leave to Proceed in forma pauperis. (Dkt. No. 2). In response, on March 19, 2012, the Court issued to him a Notice of Deficient Pleading, requesting ledger sheets. (Dkt. No. 6). On March 30, 2012, Magistrate Judge John Kaull entered a Report and Recommendation ("R&R") as to the Motion for Leave to Proceed in forma pauperis, in which he concluded that Wassil was able to pay the full filing fee. (Dkt. No. 13). Wassil did not object to the R&R, and the Court adopted it April 30, 2012. Accordingly, the Court also denied Wassil's motion for leave to proceed in forma pauperis (dkt. no. 2), and his subsequent motion to appoint counsel (dkt. no. 21).[1]

On May 8, 2012, Magistrate Judge Kaull entered a second R&R in which he recommended dismissal with prejudice of that portion of Wassil's claims founded upon an alleged lack of toilet as it failed to state a claim for which relief could be granted under the Eighth Amendment. He also recommended dismissal of the remainder of Wassil's claim for failure to exhaust administrative remedies. On

---

[1]   Wassil paid the $350 filing fee on April 4, 2012. (Dkt. No. 19).

2

**WASSIL V. VILLERS** **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

May 14, 2012, Wassil timely objected to the R&R's determination that he had not exhausted his administrative remedies, alleging that the administrative remedy procedures at TVRJ are inadequate. (Dkt. No. 30)

**II.**

Because Wassil is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Under that statute, a court shall dismiss a complaint that "fails to state a claim upon which relief can be granted." A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratonao v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). All alleged facts are reviewed in a light most favorable to the plaintiff. Id. Moreover, pleadings filed by self-represented litigants are to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). 'Liberal construction' requires the Court "only to determine the actual meaning of the words used in the complaint." Williams v. Ozmint, 2013 WL 1987231 (4th Cir. S.C. May 15, 2013) (quoting Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006)).

The Prisoner Litigation Reform Act ("PLRA") requires that "no action shall be brought with respect to prison conditions under §

3

**WASSIL V. VILLERS**                                                     **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the [Prisoner Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); see 42 U.S.C. § 1997e(a) (2006) (requiring exhaustion of available remedies). In order to exhaust, a prisoner must utilize all available steps of a multi-step grievance process according to their procedural requirements; exhaustion does not occur if the prisoner fails to follow these required steps. See 28 C.F.R. §§ 542.12 to 542.15 (2012); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Exhaustion is an affirmative defense, but the district court may dismiss for failure to exhaust as long as the prisoner has been provided an opportunity to address the issue.[2] Moore, 517 F.3d at 725.

### III.

Because Wassil objected only to the Magistrate Judge's analysis of the issue of administrative exhaustion, see (dkt. no.

---

[2] Here, Wassil has had ample opportunity to address the issue of administrative remedies. In his complaint, he included information regarding his effort to obtain administrative remedies (dkt. no. 1), and he was provided further opportunity to describe his efforts in his objection to the R&R. (Dkt. No. 30).

**WASSIL V. VILLERS**                                                     **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the [Prisoner Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); see 42 U.S.C. § 1997e(a) (2006) (requiring exhaustion of available remedies). In order to exhaust, a prisoner must utilize all available steps of a multi-step grievance process according to their procedural requirements; exhaustion does not occur if the prisoner fails to follow these required steps. See 28 C.F.R. §§ 542.12 to 542.15 (2012); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Exhaustion is an affirmative defense, but the district court may dismiss for failure to exhaust as long as the prisoner has been provided an opportunity to address the issue.[2] Moore, 517 F.3d at 725.

### III.

Because Wassil objected only to the Magistrate Judge's analysis of the issue of administrative exhaustion, see (dkt. no.

---

[2] Here, Wassil has had ample opportunity to address the issue of administrative remedies. In his complaint, he included information regarding his effort to obtain administrative remedies (dkt. no. 1), and he was provided further opportunity to describe his efforts in his objection to the R&R. (Dkt. No. 30).

**WASSIL V. VILLERS** 1:12CV48

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

30), the Court reviews de novo that portion of the R&R. See 28 U.S.C. § 636(b)(1) (court is obligated to conduct a de novo review of portions of the magistrate judge's report to which objections have been filed).

Wassil argues that he attempted to file grievances with TVRJ for all issues presented in his complaint, but that TVRJ's administrative procedure is inadequate. (Dkt. No. 30). He claims that TVRJ inmates must slip grievance forms through a door frame, which (arguably) enables any person to pick them up on the other side. Id. at 1. He argues that TVRJ should provide a locked box in which inmates may place grievances, and a designated individual through whom grievances may be transferred to the proper person or to a mail bag. Id. As a result of TVRJ's allegedly inadequate procedures, Wassil contends that his grievances have been thrown away, leaving him unable to use the administrative remedies available to him. Id.

As the R&R explains in detail, the grievance procedure available at TVRJ consists of a three step process. (Dkt. No. 28). First, the inmates must submit a grievance to the facility administrator. Id. at 3. The administrator then assigns staff to investigate good faith claims and to produce a report on the investigation. Id. If the report is unfavorable to the inmate, an

5

**WASSIL V. VILLERS**                                                                                          **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

inmate may then file an appeal with the Chief of Operations, who will request copies of grievance forms and reports from the administrator. Id. If the appeal to the Chief of Operations is also unfavorable to the inmate, an inmate may then appeal to the Office of the Executive Director. Id. at 4. If at any stage of this process, the responsible prison official fails to respond within specified times limits, the inmate may proceed to the next appellate level. Id.

    Here, the record establishes that Wassil filed grievances with the TVRJ administrator on December 6, 2011, December 7, 2011, and December 10, 2011 complaining of the alleged toilet paper shortage. (Dkt. No. 1-2). Importantly, these grievances demonstrate that TVRJ staff did not deprive Wassil of grievance forms. Cf. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where petitioner claimed he was denied access to grievance forms).

    Additionally, assuming that Wassil did not receive a timely response from the administrator, he did not proceed to the next appellate level as the grievance procedure allows him to do. Instead, he sent a letter to Rubenstein (received on January 6, 2012), in which he again complained of the toilet paper shortage, and added complaints of overcrowding in the TVRJ and overcharging

**WASSIL V. VILLERS** 1:12CV48

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

by its commissary. (Dkt. No. 1-1). Rubenstein, however, is not affiliated with the TVRJ, which is operated by the West Virginia Regional Jail and Correctional Facility Authority, and not the West Virginia Division of Corrections. In other words, while Wassil may have filed grievances with the TVRJ administrator, he failed to present them to the Chief of Operations and the Executive Director, which he could have done absent a timely response from the administrator. Riley v. Trent, 2009 WL 103588, at *5 (N.D. W. Va. Jan. 14, 2009)(where administrative remedy procedures "contemplate moving to the next level" when there is no response, inmates must do so to completely exhaust administrative remedies).

Finally, the grievances which Wassil did file do not include allegations about overcrowding at the TVRJ and overcharging at its commissary, claims Wassil wishes to bring before this Court. As such, he has not exhausted his administrative remedies as to those issues.

**VI.**

Ror the reasons stated, the Court:

1. **OVERRULES** Wassil's objection (dkt. no. 30);
2. **ADOPTS** the R&R (dkt. no. 28) in its entirety;
3. **DISMISSES** that portion of Wassil's complaint found upon a deprivation of toilet paper **WITH PREJUDICE**;

7

**WASSIL V. VILLERS**                                                                  **1:12CV48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]**

4.  **DISMISSES** the remainder of Wassil's complaint **WITHOUT PREJUDICE**; and

5.  **ORDERS** that this case be stricken from the Court's docket.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: August 16, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE